UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY PAUL JONES, SR., | No. C 07-4021 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| ROBERT A. HOREL; et al., | |
| Defendants. | |

## INTRODUCTION

Gregory Paul Jones, an inmate at Pelican Bay State Prison, has filed a pro se civil rights action under 42 U.S.C. § 1983. He filed a complaint, a first amended complaint and an amended complaint before the court did the initial review. The most recent pleading is the amended complaint that accompanied the motion to amend filed on November 9, 2007. The court grants the motion to amend, and considers the amended complaint received on November 9, 2007, as the operative pleading. The court now reviews the amended complaint pursuant to 28 U.S.C. §1915A.

## BACKGROUND

Prisoners in California Department of Corrections facilities are subject to a classification process that attempts to "take into consideration the inmate's needs, interests and desires, his/her behavior and placement score in keeping with the department and institution's/facility's program and security missions and public safety." Cal. Code Regs. tit. 15, § 3375(b). The process assigns numeric values for various factors (such as the commitment offense, prior criminal

1 activity, in-prison disciplinary history, age, and gang affiliation), and the inmate is assigned to
2 a facility based on his classification score, generally with a higher score resulting in placement
3 in a more restrictive facility.

4       In this action, Jones complains that prison officials wrongfully altered his classification
5 points and changed the nature of a disciplinary offense (from an attempted battery to an assault
6 on staff) in order to deem him a program failure. During a classification committee meeting on
7 June 20, 2006, Jones was served with a risk assessment score sheet dated June 12, 2006, in
8 which he had been deemed a program failure. He complains that he did not have the opportunity
9 to prepare and defend against the charges or score changes because he didn't receive advance
10 notice of the risk assessment score sheet. As a result of his score change, he was moved from
11 the programmers' yard and sent to another yard with privilege group "C" non-programmers. See
12 Amended Complaint, pp. 5, 6. Jones complained about the classification score; the score was
13 recalculated but he was still deemed a non-programmer.

14       Jones alleges that property officer Turner denied him the proper documents needed to file
15 a civil rights action, and that caused him to file "this late claim." Amended Complaint, p. 6.

16
17 <center>**DISCUSSION**</center>
18 A.   <u>Standards For Initial Review</u>
19       A federal court must engage in a preliminary screening of any case in which a prisoner
20 seeks redress from a governmental entity or officer or employee of a governmental entity. See
21 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss
22 any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted,
23 or seek monetary relief from a defendant who is immune from such relief. See id. at
24 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police
25 Dep't, 901 F.2d 696, 699 (9th Cir. 1990).
26       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that
27 a right secured by the Constitution or laws of the United States was violated and (2) that the
28 violation was committed by a person acting under the color of state law. See West v. Atkins,

1  487 U.S. 42, 48 (1988).

### B.  No Due Process Violation In The Allegedly Incorrect Classification

A prisoner has no federal due process right to a particular classification score. Interests protected by the Due Process Clause may arise from two sources--the Due Process Clause itself and laws of the states. See Meachum v. Fano, 427 U.S. 215, 223-27 (1976). Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. See Sandin v. Conner, 515 U.S. 472, 484 (1995). Changes in conditions relating to classification and reclassification do not implicate the Due Process Clause itself. See Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (citing Moody v. Dagget, 429 U.S. 78, 88 n.9 (1976)) (no constitutional right to particular classification). Deprivations authorized by state law that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e. give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." See Sandin, 515 U.S. at 477-87. Although California has created a regulatory scheme from which a protected liberty interest in classification and custody designation might arise, the liberty in question is not protected by the Due Process Clause because the deprivation of a correct classification or custody designation cannot be characterized as one of "real substance," i.e., it does not impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," Sandin, 515 U.S. at 484, or "inevitably affect the duration of [a] sentence," id. at 487.

The complaint fails to state a claim for a due process violation because the allegedly incorrect classification score did not implicate a liberty interest of real substance. The result of the allegedly incorrect classification score was that Jones was moved from the programmers' yard to the non-programmers' yard and apparently had a decrease in the level of privileges he received. A yard and privilege level change do not amount to an atypical and significant

1  hardship on an inmate in relation to the ordinary incidents of prison life. And the change in
2  privilege group does not inevitably affect the duration of Jones' sentence. The due process claim
3  is dismissed.

5  C.    No Due Process Claim Based On Denial Of Inmate Appeals

6  The failure to grant an inmate's appeal in the prison administrative appeal system does
7  not amount to a due process violation. There is no federal constitutional right to a prison
8  administrative appeal or grievance system for California inmates. See Mann v. Adams, 855 F.2d
9  639, 640 (9th Cir. 1988); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996). The denial
10 of an inmate appeal is not so severe a change in condition as to implicate the Due Process Clause
11 itself and the State of California has not created a protected interest in an administrative appeal
12 system in its prison. California Code of Regulations, title 15 sections 1073 and 3084 grant
13 prisoners in the county jails and state prisons a purely procedural right: the right to have a prison
14 appeal. The regulations simply require the establishment of a procedural structure for reviewing
15 prisoner complaints and set forth no substantive standards; instead, they provide for flexible
16 appeal time limits, see Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be
17 taken against an inmate or parolee for filing an appeal," id. § 3084.1(d). A provision that merely
18 provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally
19 cognizable liberty interest. See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see also
20 Antonelli, 81 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise
21 to protected liberty interest requiring procedural protections of Due Process Clause).

22 Jones had no federal constitutional right to a properly functioning appeal system. An
23 incorrect decision on an administrative appeal or failure to process the appeal in a particular way
24 therefore did not amount to a violation of his right to due process. The claims concerning the
25 handling of the administrative appeals are dismissed for failure to state a claim upon which relief
26 may be granted.

4

D.    No Claim For Denial Of Access To The Courts

A constitutional right of access to the courts exists, but to plead a claim for any violation of the right of access to the courts, the prisoner must plead that there was an inadequacy in the prison's legal access program that caused him an actual injury. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996). To show an actual injury, the prisoner must show that the inadequacy hindered him in presenting a non-frivolous claim concerning his conviction or conditions of confinement. See id. at 355. Examples of impermissible hindrances include: a prisoner whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known; and a prisoner who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the prison's services that he was unable even to file a complaint. See id. at 351. Mere delay in filing papers would not be enough, for example, if they were nevertheless timely filed or accepted and considered by the court. See Hudson v. Robinson, 678 F.2d 462, 466 (3d Cir. 1982).

Jones alleges that a property officer denied him the necessary documents to file his § 1983 action and as a result it has been filed late. There was no federal constitutional violation on the facts alleged. At most, there was a delay in filing this action. This court has not rejected the complaint as untimely; therefore, any alleged delay caused no actual injury to Jones.

## CONCLUSION

Plaintiff's motion to amend is GRANTED. (Docket # 4.) The court has considered the amended complaint received on November 9, 2007 as the operative pleading.

The amended complaint fails to state a claim upon which relief may be granted. Leave to further amend will not be granted because it would be futile. This action is dismissed. The clerk shall close the file.

IT IS SO ORDERED.

Dated: January 16, 2008

_____
SUSAN ILLSTON
United States District Judge

5